IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NA'TOSHA L. EVANS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0839-M |
| | § | |
| TEXAS YOUTH COMMISSION | § | |
| CORSICANA RESIDENTIAL TREATMENT | § | |
| | § | |
| Defendant. | § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Na'Tosha L. Evans, an African-American female, against her former employer, Texas Youth Commission Corsicana Residential Treatment Center. On April 26, 2010, plaintiff tendered a one-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on July 1, 2010. The court now determines that plaintiff's claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff was employed by the Texas Youth Commission ("TYC") as a case manager for more than six years. In early 2009, plaintiff accepted what she believed was a temporary reassignment to another TYC facility. A less-experienced Caucasian male was selected to replace plaintiff at her prior facility. (*See* Mag. J. Interrog. #1(b) & (c)). In her new assignment, plaintiff alleges that she was subjected to less favorable conditions which made it difficult or impossible to successfully complete her work. (*See* Mag. J. Interrog. #1(c)). Her complaints and requests for reassignment to her prior position were rebuffed by supervisors, and plaintiff was placed on probation and threatened with disciplinary action. (*Id.*). After plaintiff filed a written grievance challenging her probation, she alleges that:

> the harassment and retaliatory conduct grew more intense, creating intimidating, offensive, & hostile work environment for me and other employees. This resulted in continued scrutiny of my whereabouts, actions, & job duties to the point where other employees were uncomfortable being seen communicating with me. Several employees complained to me about being questioned at least once a day about what I did or did not do, my arrival & departure times, to and from the facility, if I completed group, and other unwarranted & unwelcomed conduct. I was reassigned 3 more times and some of the youth from my caseload was called . . . and asked questions about the amount of time spent during counseling, if they were receiving phone calls, if group was conducted, etc.

(*Id.*).

On January 26, 2010, plaintiff filed a charge of discrimination with the EEOC alleging that she was placed on probation, suspended without pay, and terminated from her position on account of her sex and in retaliation for having reported "illegalities in the workplace." (*See* Mag. J. Interrog. #4 & Attch.). Nowhere in the charge did plaintiff complain of discrimination on the basis of race

or hostile work environment. (*Id.*). After concluding that plaintiff failed to present sufficient evidence of a statutory violation, the EEOC issued a right-to-sue letter. (*See* Mag. J. Interrog. #4, Attch.). On April 26, 2010, 90 days after receiving the right-to-sue letter, plaintiff filed this action in federal district court. In her complaint and interrogatory answers, plaintiff attempts to assert claims for sex and race discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*,

127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to exhaust administrative remedies with respect to her race discrimination and hostile work environment claims. Under Title VII, a plaintiff must exhaust administrative remedies before filing suit in federal court. *See, e.g. Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1287 (2003). The purpose of the exhaustion requirement is to allow the agency to fully inquire into and attempt to resolve discrimination claims. *See Clayton v. Rumsfeld*, 106 Fed.Appx. 268, 271, 2004 WL 1739465 at *3 (5th Cir. Aug. 4, 2004). While a subsequent lawsuit is not limited to the specific complaints contained in a charge, the suit *is* limited by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charge of discrimination. *See Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995); *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990).

Here, plaintiff's EEOC charge alleges only sex discrimination and retaliation. (*See* Mag. J. Interrog. #4, Attch.). Plaintiff did not check the box marked "race" on the charge form or make any reference to race discrimination. Nor did she accuse the defendant of creating a hostile work environment. As a result, plaintiff may not bring a race discrimination or hostile work environment claim under Title VII in federal court.[1] *See McDuffy v. Jessup*, No. 3-09-CV-2247-P, 2010 WL

---

[1] Plaintiff is not required to exhaust administrative remedies in order to bring a race discrimination claim under 42 U.S.C. § 1981. *See Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005).

743850 at *3 (N.D. Tex. Mar. 2, 2010) (plaintiff precluded from asserting race or age discrimination claims where she did not disclose those claims to EEOC in a charge or otherwise); *Hill v. Dept. of Veterans Affairs*, No. 08-60532, 2009 WL 348767 at *4 (5th Cir. Feb. 12, 2009) ("[A]n investigation concerning the existence of a hostile work environment would not 'reasonably be expected to grow out of' [ ] allegations of discrete acts of discrimination."); *Gates v. Lyondell Petrochemical Co.*, 227 Fed.Appx. 409, 2007 WL 1454464 at *1 (5th Cir. May 15, 2007) (holding that the plaintiff's hostile work environment claim "could not be expected to grow out of her EEOC discrimination charge when she charged only her employer's discrete acts in terminating and failing to promote her, and made no mention of a hostile work environment[ ]").

C.

Nor has plaintiff alleged sufficient facts to demonstrate that she suffered an "adverse employment action" -- an essential element of a discrimination claim under both Title VII and 42 U.S.C. § 1981. *See Mitchell v. Snow*, 326 Fed.Appx. 852, 854, 2009 WL 1687798 at *1 (5th Cir. Jun. 17, 2009) (citing cases); *see also Wesley v. Yellow Transportation, Inc.*, No. 3-05-CV-2266-D, 2008 WL 5220562 at *2 (N.D. Tex. Dec. 12, 2008) (citing cases). "[A]dverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *Mitchell*, 2009 WL 1687798 at *1, *quoting McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). The Fifth Circuit has repeatedly held that being assigned more onerous tasks than a co-worker does not constitute an "adverse employment action." *See, e.g. Ellis v. Principi*, 246 Fed.Appx. 867, 870, 2007 WL 2510620 at *2 (5th Cir. Sept. 5, 2007) (claim by African-American female that she was given less favorable work assignments than African-American male and white female co-workers did not constitute ultimate employment decision); *Hart*

*v. Life Care Center of Plano*, 243 Fed.Appx. 816, 818, 2007 WL 1855136 at *1 (5th Cir. Jun. 26, 2007) (allegation that plaintiff was given more difficult tasks than Hispanic co-workers did not constitute adverse employment action); *see also Leach v. Baylor College of Medicine*, No. H-07-0921, 2009 WL 385450 at *19 (S.D. Tex. Feb. 17, 2009) (citing cases) ("The cases make clear that imposing a higher workload on an employee than on his coworkers is not an ultimate employment decision."). Similarly, reprimands, rude behavior, and additional reporting requirements do not constitute "adverse employment actions." *See Roberts v. Unitrin Specialty Lines Ins. Co.*, No. 3-06-CV-0380-B, 2008 WL 3832223 at *7 (N.D. Tex. Aug. 14, 2008), *appeal filed*, No. 09-10350 (5th Cir. Apr. 2, 2009) (citing cases).

The only acts of discrimination alleged by plaintiff in her complaint and interrogatory answers are that defendant reassigned her to a less favorable work location, refused to properly address her complaints, placed her on probation, made her day-to-day tasks difficult or impossible, and scrutinized her work. (*See* Mag. J. Interrog. #1(c)). When asked to indicate "any and all tangible employment actions that took place on account of your race and/or gender," plaintiff stated, "continuous undesired reassignments that did not allow room for adjustment for me nor the youth on my caseload." (Mag. J. Interrog. #3(d)). Nowhere in her complaint or interrogatory answers does plaintiff indicate that she had been suspended or terminated on account of her sex. Accordingly, plaintiff's sex discrimination claim under both Title VII and section 1981 should be dismissed.[2]

---

[2] To the extent plaintiff attempts to recharacterize her disparate treatment claim as a pattern and practice claim, she cannot bring such a claim in her individual capacity. *See Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355-56 & n.4 (5th Cir. 2001). Nor does plaintiff have standing to bring a claim based on alleged discriminatory policies and practices that may harm other employees at some undetermined point in the future. *See Preston v. Good Nature Cafe*, 33 Fed.Appx. 704, 2002 WL 432607 at *2 (5th Cir. Mar. 1, 2002) (plaintiff lacked standing to bring Title VII race discrimination claim alleging that employer prevented other African-Americans from filling out employment applications).

D.

That leaves plaintiff's claims for hostile work environment under section 1981, and retaliation for "having reported illegalities in the workplace." To establish a hostile work environment claim, plaintiff must show, *inter alia*, that "the harassment complained of affected a term, condition, or privilege of employment[.]" *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002), citing *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353 (5th Cir. 2001). For harassment to "affect a term, condition, or privilege of employment," it must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.*, quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993). Considering the totality of the circumstances alleged by plaintiff, there is nothing to suggest that the harassment of which she complains was so severe and pervasive that it destroyed her opportunity to succeed in the workplace. *See Hill*, 2009 WL 348767 at *4, citing *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 347 (5th Cir. 2007).

To prevail on her retaliation claim, plaintiff must establish that: (1) she engaged in a protected activity; (2) the employer took an adverse employment action against her; and (3) a causal connection existed between the adverse employment action and the protected activity. *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004). Here, plaintiff has failed to allege any facts showing that she engaged in a protected activity, such as opposing an unlawful employment practice under Title VII or section 1981, or making a charge, testifying, assisting, or participating in an investigation, proceeding or hearing under Title VII. *See* 42 U.S.C. § 2000e-3(a). Plaintiff merely alleges that she was retaliated against for filing a grievance challenging her placement on probation. (*See* Mag. J. Interrog. #1(c)). The filing of a grievance is not a protected activity for the

purposes of federal civil rights law. *See Jackson v. Dallas Co. Juvenile Dept.*, 288 Fed.Appx. 909, 912, 2008 WL 2916375 at *3 (5th Cir. Jul. 30, 2008).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 22, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE